Van Gilder v. Novus Techs., Inc., 2017 NCBC 45.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

SCOTT THEODORE VAN GILDER
and SKY SURGICAL, INC.,

      Plaintiffs,

    v.

NOVUS TECHNOLOGIES, INC.,

      Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 6123

**ORDER REGARDING MANDATORY
COMPLEX BUSINESS DESIGNATION**

1.     THIS MATTER is now before the undersigned as Chief Business Court Judge pursuant to the Order of Chief Justice Mark Martin, designating the matter as a mandatory complex business case pursuant to N.C. Gen. Stat. § 7A-45.4(a), and directing that the case be assigned to a specific Business Court Judge.

2.     In reviewing the matter, the undersigned concludes that Plaintiffs Scott Theodore Van Gilder ("Van Gilder") and Sky Surgical, Inc. ("Sky Surgical") filed an improper Notice of Designation of Action as Mandatory Complex Business Case under N.C. Gen. Stat. § 7A-45.4(a) ("Notice of Designation"). The Notice of Designation asserts that the underlying action presents a dispute involving antitrust law within the scope of section 7A-45.4(a)(3), when in fact, the underlying pleading contains nor raises any such claim.

*Schiller & Schiller, PLLC, by David G. Schiller, for Plaintiffs.*

Gale, Chief Judge.

3.     The Notice of Designation is based on Plaintiffs' Complaint for Declaratory Judgment and Motion for Judgment on the Pleadings, filed May 17, 2017. The gravamen of the action is that Sky Surgical wishes to employ Van Gilder, but Van Gilder's former employer, Novus Technologies, Inc. ("Novus"), has asserted that such employment would contravene an employment agreement between Van Gilder and Novus that contains a restrictive covenant. Plaintiffs seek a declaration that the restrictive covenant on which Defendant bases its assertion is unenforceable, either because the underlying employment agreement has been terminated or because the covenant is invalid as overly broad, not necessary to support an employer's legitimate business interest, and not supported by consideration.

4.     Employment agreements containing restrictive covenants are regulated by N.C. Gen. Stat. § 75-4, but that does not mean that an employment agreement involving a restrictive covenant, without more, raises an antitrust claim within the scope of section 7A-45.4(a)(3) or other provisions of section 7A-45.4(a).

5.     In *Cornerstone Health Care, P.A. v. Moore*, this Court upheld the defendants' opposition to the plaintiff's designation of the action as a mandatory complex business case under section 7A-45.4(a) in an action to enforce a confidentiality provision in an employment agreement. No. 15 CVS 604, 2015 NCBC LEXIS 65, at *9 (N.C. Super. Ct. June 22, 2015). As the Court noted, the Business Court has historically handled cases involving restrictive covenants in employment agreements, but such cases were properly designated as complex business cases either because they included additional claims of trade-secret misappropriation or

because they asserted claims of unfair competition before unfair-competition claims were excluded by amendments to section 7A-45.4. *Id*. at *6–7.

6.      In *Cornerstone*, the Chief Justice designated the case after accepting plaintiff's assertion in the notice of designation that the underlying claims involved disputes relating to intellectual property. Thereafter, this Court determined that the plaintiff's claims did not involve issues of intellectual-property law within the meaning of the statute. *Id*. at *9. The Court determined that designation of the case as a mandatory complex business case was improper, and ordered that the action proceed on the regular civil docket of the originating county.

7.      In *Market America, Inc. v. Doyle*, the Court upheld the plaintiff's opposition to the defendants' designation on the assertion that the claims involved a trade-secrets claim under section 7A-45.4(a)(8) and an antitrust claim under section 7A-45.4(a)(3). No. 15 CVS 9658, slip op. at 3–4 (N.C. Super. Ct. Feb. 29, 2016). The Court found no allegation involving trade secrets in the underlying pleadings adequate to support designation. As to the plaintiff's assertion that the case involved an issue of antitrust law, the Court noted that the sole basis for that claim was that it involved a covenant against competition that the defendants had challenged as a restraint of trade. *Id*. at 4. The Court determined that a claim involving a restrictive covenant is not an "antitrust claim" within the scope of section 7A-45.4(a)(3), absent additional allegations of a special antitrust injury. *Id*.

8.      Likewise, in *COECO Office Systems, Inc. v. Rowland*, the Court determined that the defendants were not entitled to designate the action as a

mandatory complex business case based on their assertion that the case involved issues related to the law governing corporations under section 7A-45.4(a)(1), or a case involving trade secrets under section 7A-45.4(a)(8). No. 16 CVS 9021, slip op. at 1–2 (N.C. Super. Ct. Aug. 26, 2016). Chief Justice Martin directed the undersigned to determine whether the case was properly designated. Upon critical review of the underlying pleadings, the Court determined that the action was based on an employment contract with restrictive covenants, but that it did not include allegations related to trade secrets. *Id.* Accordingly, the action was not properly designated, because an action grounded on a restrictive covenant in an employment agreement, without more, does not support designation of a case as a mandatory complex business case under section 7A-45.4(a).

9. As it did in the cases discussed above, the Court finds in this case that the claims in the underlying pleading on which the Notice of Designation is based do not support designation of the case as a mandatory complex business case. As a result, Plaintiffs' request to the Chief Justice for mandatory complex business designation was not proper.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

a) The case shall not proceed as a complex business case and will not be assigned to a Business Court Judge;

b) The case shall proceed on the regular civil docket of the Wake County Superior Court; and

c) Plaintiffs' counsel is directed to serve this Order on Defendant.

This the 24th day of May, 2017.

/s/ James L. Gale

James L. Gale
Chief Business Court Judge